The document below is hereby signed.

Signed: November 26, 2014



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                                )
                                     )
MARVA ROCHELLE PARKER,                )   Case No. 12-00789
                                     )   (Chapter 7)
               Debtor.                )
                                     )
_____         )
                                     )
MARVA ROCHELLE PARKER,                )
                                     )   Adversary Proceeding No.
               Plaintiff,             )   13-10012
                                     )
     v.                               )
                                     )
SMALL BUSINESS ADMINISTRATION,        )
                                     )   For publication in West's
               Defendant.             )   Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
DENYING DEFENDANT'S MOTION FOR JUDGMENT

The amended complaint filed by the plaintiff Parker seeks damages for the defendant SBA's violation of the automatic stay based on the SBA's failure, upon commencement of Parker's bankruptcy case, to cease collecting the debt owed the SBA by way of setoff against Parker's monthly Social Security benefits. The

SBA filed a motion for judgment (Dkt. No. 43) and a reply brief in support thereof (Dkt. No. 45) arguing that insufficient notice of the commencement of the bankruptcy case was given to the SBA. The court directed the defendant to address why the certificate of notice filed by the Bankruptcy Noticing Center (Dkt. No. 9 in the main bankruptcy case) would not be evidence of sufficient notice to the SBA.  The defendant has supplemented its motion with affidavits in an attempt to establish that the e-mail notice address used for sending the notice of the commencement of the case to the SBA was not a valid e-mail address.

                                I

In relevant part, 11 U.S.C. § 342(f) provides:

> (1) An entity may file with any bankruptcy court a **notice of address** to be used by all the bankruptcy courts or by particular bankruptcy courts, as so specified by such entity at the time such notice is filed, to provide notice to such entity in all cases under chapters 7 and 13 pending in the courts with respect to which such notice is filed, in which such entity is a creditor.
>
> (2) In any case filed under chapter 7 or 13, any notice **required to be provided by a court** with respect to which a notice is filed under paragraph (1), to such entity later than 30 days after the filing of such notice under paragraph (1) shall be provided to such address unless with respect to a particular case a different address is specified in a notice filed and served in accordance with subsection (e).

[Emphasis added.] To implement § 342(f), the courts utilize the National Creditor Registration Service.  As noted on the NCRS website, ncrs.uscourts.gov (viewed on Nov. 26, 2014), "[t]he National Creditor Registration Service (NCRS) is a free service

                                2

provided by the U.S. Bankruptcy Courts to give creditors options to specify a preferred mailing address."

Section 342(f)(1) requires that a creditor seeking the protection of that provision must "file with any bankruptcy court" notice of the address it wishes to have all bankruptcy courts (or specified bankruptcy courts) use for the receipt of notices from the clerk.  The SBA has not submitted any notice that was filed with a bankruptcy court under § 342(f)(1).  However, at least one bankruptcy court treats registration with the National Creditor Registration Service for a preferred mailing address as a filing with that bankruptcy court.  *See* Gen. Order 05-04 (Bankr. S.D.W. Va.).  Moreover, it appears that the bankruptcy courts uniformly direct creditors to the National Creditor Registration Service when creditors wish to give notice of a preferred address to be used for receiving all notices sent by bankruptcy court clerks.  In effect, the bankruptcy courts treat the National Creditor Registration Service as accepting filings of notices under § 342(f)(1) on behalf of the bankruptcy courts.

However, registering for electronic transmission of notices in bankruptcy cases may not qualify as giving notice of a preferred address under § 342(f)(1).  Federal Rule of Bankruptcy Procedure 9036 specifically authorizes the clerk of the bankruptcy court to send notices to a creditor, if the creditor

3

agrees, by electronic transmission. Rule 9036 provides:

> Whenever the clerk or some other person as directed by the court is required to send notice by mail and the entity entitled to receive the notice requests in writing that, instead of notice by mail, all or part of the information required to be contained in the notice be sent by a specified type of electronic transmission, the court **may** direct the clerk or other person to send the information by such electronic transmission. Notice by electronic means is complete on transmission.

[Emphasis added.][1] When notice of a preferred address has been filed under § 342(f)(1), the clerk is mandated under § 342(f)(2) to provide notices to that entity at that address. However, Rule 9036 permits a court to direct the clerk not to use an e-mail address designated by the creditor. Accordingly, Rule 9036 treats a creditor's filing of a request for electronic notification as not constituting the filing of a notice of a preferred address under § 342(f)(1).

The National Creditor Registration Service similarly treats a request for electronic service as not constituting a notice under § 342(f)(1). Its website, ncrs.uscourts.gov (viewed on Nov. 26, 2014) states:

> The NCRS database includes addresses registered by notice recipients, pursuant to 11 U.S.C. § 342(f) and Rule 2002(g)(4). A creditor may specify a preferred mailing address to be used by all the bankruptcy courts or by particular bankruptcy courts for providing

---

[1] The use of the word "may" in Rule 9036 permits a bankruptcy court to use a Postal Service mailing address for the creditor when, for example, the specific means of transmission is incompatible with technology available to the court and the creditor. *See* Advisory Committee Note (1993).

>    notices.
>       In lieu of registering a preferred mailing
>    address, an entity may register to receive notices
>    electronically through the Electronic Bankruptcy
>    Noticing (EBN) program.  The EBN program supports
>    Federal Rule of Bankruptcy Procedure 9036, which allows
>    court notices to be transmitted electronically to
>    notice recipients, delivering them faster and more
>    conveniently than mailed paper notices.

Accordingly, any request by the SBA to receive bankruptcy notices from the bankruptcy courts electronically may not constitute a filing under § 342(f)(1).  However, as later discussed, it does not matter because § 342(f)(1) applies only to notices issued by the court.

                                II

The SBA contends that the clerk did not cause notice of the commencement of this case to be sent to the SBA at the e-mail address the SBA had designated for receiving notices.  To transmit notices, bankruptcy courts utilize the Bankruptcy Noticing Center, which "provides a centralized process for preparing, producing, and sending bankruptcy court notices by mail or electronic transmission."  *See Electronic Bankruptcy Noticing*, ebn.uscourts.gov (viewed on Nov. 25, 2014).  The BNC's certificate of mailing of the notice of the commencement of this bankruptcy case reflects that:

>    Notice by electronic transmission was sent to the
>    following persons/entities by the Bankruptcy Noticing
>    Center.
>
>       . . .

5

>     +E-mail/Text: pdeling@sba.gov Dec 04 2012 00:03:39
>     Small Business Administration, 801 Tom Martin Drive,
>     Ste. 120, Birmingham, AL 35211-6424

The court's own inquiries of the Bankruptcy Noticing Center led it to discover that on September 9, 2008, the SBA filed with the National Creditor Registration Service (utilized for registering for Electronic Bankruptcy Noticing) a written request to change its e-mail address for Electronic Bankruptcy Noticing intended for the Birmingham office to an address that the National Creditor Registration Service interpreted to be pdeling@sba.gov.[2] However, the National Creditor Registration Service advises that it later learned from the SBA that the new e-mail address was intended to be pdelinq@sba.gov.[3]  Because the notice of the commencement of the case was sent to pdeling@sba.gov, the SBA did not receive the notice at the address at which it has since advised the NCRS that it intended to receive the notice.

                              III

Even if there was defective Electronic Bankruptcy Noticing, that does not end the matter.  Section 342(f) does not purport to address a notice that **the debtor** sends to a creditor alerting the

---

[2] The court provided a copy of that written request to the parties at a hearing of November 25, 2014, and a copy is appended to the court's hearing summary sheet.

[3] The new e-mail address was submitted by the SBA to the NCRS in handwritten form.  From what I can gather, the letter following "pdelin" was intended to be a "q" but the NCRS interpreted that letter to be a "g."

creditor to the pendency of the debtor's bankruptcy case and the existence of the automatic stay. Moreover, Fed. R. Bankr. P. 2002(g)(4) provides:

> (4) Notwithstanding Rule 2002(g)(1)-(3), an entity and a notice provider may agree that when the notice provider is directed by the court to give a notice, the notice provider shall give the notice to the entity in the manner agreed to and at the address or addresses the entity supplies to the notice provider. That address is conclusively presumed to be a proper address for the notice. **The notice provider's failure to use the supplied address does not invalidate any notice that is otherwise effective under applicable law.**

[Emphasis added.]  Here, Parker's amended complaint alleges that Parker sent the following notices to the SBA of the pendency of the case: a letter mailed on March 12, 2013, to the Birmingham mailing address correctly listed on the schedules; an e-mail of March 29, 2013, to the SBA Answer Desk (answerdesk@sba.gov); and an e-mail of March 29, 2013, to Robert Carpenter of the SBA.[4]

IV

The SBA nevertheless contends that contempt sanctions may not be imposed against it if the notice of the commencement of

---

[4]  As alleged in the Amended Complaint ¶ 8:

On March 27th Parker's counsel contacted the SBA via phone (202-272-0345) to notify it of Parker's filing. Counsel provided the case number and date of filing to SBA representative, "Candice." Candice explained to Parker's counsel that the only person that works in their office that could assist in this matter was Mr. Robert Carpenter. However, Mr. Carpenter was unavailable due to illness and his date of return was unknown. Candice provided counsel with Mr. Carpenter's e-mail address.

7

the case sent to it via Electronic Bankruptcy Noticing was defective based on utilization of an e-mail address that the SBA had not submitted for use. In making this argument, the SBA relies upon 11 U.S.C. § 342(g), which provides:

> (1) Notice provided to a creditor by the debtor or the court other than in accordance with this section (excluding this subsection) shall not be effective notice until such notice is brought to the attention of such creditor. If such creditor designates a person or an organizational subdivision of such creditor to be responsible for receiving notices under this title and establishes reasonable procedures so that such notices receivable by such creditor are to be delivered to such person or such subdivision, then a notice provided to such creditor other than in accordance with this section (excluding this subsection) shall not be considered to have been brought to the attention of such creditor until such notice is received by such person or such subdivision.
>
> (2) A monetary penalty may not be imposed on a creditor for a violation of a stay in effect under section 362(a) (including a monetary penalty imposed under section 362(k)) or for failure to comply with section 542 or 543 unless the conduct that is the basis of such violation or of such failure occurs after such creditor receives notice effective under this section of the order for relief.

In turn, Federal Rule of Bankruptcy Procedure 2002(g) provides:

> (5) A creditor may treat a notice as not having been brought to the creditor's attention under § 342(g)(1) only if, prior to issuance of the notice, the creditor has filed a statement that designates the name and address of the person or organizational subdivision of the creditor responsible for receiving notices under the Code, and that describes the procedures established by the creditor to cause such notices to be delivered to the designated person or subdivision.

Here, the SBA has not pointed to a statement it has filed:

- that designates the name and address of the person or

> organizational subdivision of the SBA responsible for receiving notices under the Code; and
>
> - that describes the procedures established by the SBA to cause such notices to be delivered to the designated person or subdivision.

The SBA's motion fails to address Rule 2002(g)(5). The SBA has not shown that it complied with Rule 2002(g)(5), and has not shown that Rule 2002(g)(5) (despite its plain language) fails to bar its reliance on § 342(g)(1) even if it did not comply with the rule.

Even if the SBA's request to have the notices sent to an e-mail address constituted a notice under § 342(f)(1) (which, for reasons previously discussed, is doubtful), that does not carry the day for the SBA. That request clearly was not one that qualified as one that "designates a person or an organizational subdivision of such creditor to be responsible for receiving notices" under § 342(g)(1).

Accordingly, the SBA's motion does not establish that the notices that Parker sent to the SBA were ineffective, pursuant to § 342(g)(1), to constitute notice to the SBA such that the SBA is entitled to the protection of § 342(g)(2).

V

The SBA contends that its Birmingham office first received notification of the bankruptcy case on April 15, 2013. However, even if that is the case, the SBA's motion fails to establish that it promptly took steps to set aside the improper setoffs.

The SBA acknowledges that it was not until after the SBA and the United States Attorney's Offices receipt of the complaint that the SBA took steps to effect a refund of the improperly withheld monthly Social Security benefits.  The SBA acknowledges that the United States Attorney's Office received the complaint on "May 26, 2011 [sic]" (more than a month after the SBA learned of the case.)

Moreover, the letter to the Birmingham office was allegedly mailed on March 12, 2013.  The SBA's affidavits regarding receipt of notice of the bankruptcy case indicate that the SBA maintains a log of incoming mail that includes identifying the sender and the nature of the mail, but the affidavits do not identify the sender of the bankruptcy petition that the affidavits say was received on April 15, 2013, and no log has been produced for April 15, 2013.  The SBA's motion fails to demonstrate that Parker would not be entitled to have the court infer that a letter mailed on March 12, 2013, ought to have reached the SBA well before April 15, 2013.  In addition, there is a factual issue whether the two e-mails sent by Parker's counsel notifying the SBA of the pendency of the bankruptcy case sufficed to alert the SBA to the bankruptcy case and the need to stop any creditor action.  The SBA is entirely silent regarding what it did in response to the two e-mails.

Finally, the SBA's motion appropriately treats the United

States as the real defendant, naming the United States as the defendant in the caption of its motion. The SBA does not dispute that proper notice of the case was sent to the Social Security Administration. If that is the case, the SBA has not explained why the United States ought not be held in contempt based on the Social Security Administration having failed to stop the setoffs if that entity was aware of the ongoing setoffs.

VI

Based on the foregoing, it is

ORDERED that the defendant's motion for judgment is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notifications of filings.